IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**GUIDELINES TO PARTIES AND COUNSEL IN CIVIL CASES PROCEEDING BEFORE THE HONORABLE TIFFANY R. JOHNSON**

This case has been assigned to Judge Tiffany R. Johnson. These Guidelines inform the parties and their counsel of the Court's policies, procedures, and practices and are designed to promote the just, speedy, and economical disposition of cases. These Guidelines, in combination with the Local Rules of this Court and the Federal Rules of Civil Procedure, shall govern this case. Parties should be aware that a filing or submission may be rejected or denied for failure to comply with these Guidelines.

**Within seven (7) days of entry of these Guidelines in this case, lead counsel for each party and any *pro se* litigants are required to sign and file a Certificate of Compliance in a format consistent with the attached Certificate of Compliance.**

TIFFANY R. JOHNSON
United States District Judge

TABLE OF CONTENTS

1. GENERAL MATTERS ........ 1
2. CASE ADMINISTRATION ........ 1
A. **Contacting Chambers** ........ 1
B. **Transcripts** ........ 2
C. **Courtesy Copies of Documents** ........ 2
D. **Attorneys** ........ 2
i. Admission of Counsel *Pro Hac Vice* ........ 2
ii. Leaves of Absence ........ 2
iii. Withdrawal or Substitution of Counsel ........ 2
iv. Corporate Representation ........ 3
v. Proposed Orders ........ 3
E. ***Pro Se* Parties** ........ 3
3. PRETRIAL CASE MANAGEMENT ........ 5
A. **Disclosure of Use of Artificial Intelligence** ........ 5
B. **Temporary Restraining Orders or Preliminary Injunctive Relief** ........ 6
C. **Extensions of Time** ........ 6
D. **Page Limits for Objections to R&Rs and Responses to Objections** ........ 7
E. **Page Limit Extensions** ........ 7
F. **Legal Citations** ........ 7
G. **Conferences with the Court** ........ 8
H. **Joint Preliminary Report and Discovery Plan** ........ 8
I. **Discovery** ........ 8
i. Discovery Responses: Boilerplate and General Objections ........ 9
ii. Interrogatories ........ 9
iii. Requests for Production or Inspection ........ 10
iv. Requests for Admission ........ 10
v. Depositions ........ 11
vi. Discovery Disputes ........ 12
vii. Confidentiality Agreements, Protective Orders & Motions to Seal ... 13

**J. Motions Practice** .... 14

i. Electronic Filing of Exhibits and Attachments .... 14

ii. Brief Nomenclature .... 15

iii. Amended Complaints and Pending Motions .... 15

iv. Motions for Summary Judgment .... 15

v. Statements of Material Facts and Responses .... 15

vi. Requests for Oral Argument on Motions .... 16

4. TRIALS .... 16

**A. Pretrial Conference** .... 16

**B. Proposed Findings of Fact and Conclusions of Law** .... 17

**C. Jury Trial** .... 17

**D. *Voir Dire*** .... 17

**E. Courtroom Communications** .... 18

**F. Exhibits** .... 19

**G. Jury Charges** .... 19

**H. Courtroom Technology** .... 20

CERTIFICATE OF COMPLIANCE .... Appendix

## 1. General Matters

Attorneys and *pro se* parties appearing before this Court in civil litigation must observe three (3) sets of rules:

**A.** The Federal Rules of Civil Procedure. These rules are available at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure.

**B.** The Civil Local Rules of this Court (NDGA Local Rules). The Local Rules are available at https://www.gand.uscourts.gov/court-info/local-rules-and-orders/local-rules. Various forms and the Court's pretrial instruction package are available at https://www.gand.uscourts.gov/commonly-used-forms.

**C.** The rules and practices of the District Judge, and Magistrate Judge if applicable, assigned to your case.

## 2. Case Administration

### A. Contacting Chambers

Uzma Wiggins, Judge Johnson's Courtroom Deputy, is your principal point of contact on matters related to your case. Communications with the Courtroom Deputy should be via email (TRJ_CRD@gand.uscourts.gov) or in writing, addressed as follows:

Chambers of Judge Tiffany R. Johnson
ATTN: Uzma Wiggins, Courtroom Deputy
2142 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

**Neither the parties nor their counsel should discuss the merits of the case with any member of Judge Johnson's chambers. The parties and their counsel should also refrain from sending communications that seek information relating to pending motions, such as asking when a motion will be ruled on.** The Court will consider matters as they are filed in the normal course.

**B. Transcripts**

Communications regarding transcripts should be directed to the Official Court Reporter who transcribed the proceeding. If any party desires a daily copy or rough draft copy of a proceeding, that party shall contact chambers at least two (2) weeks before the proceeding.

**C. Courtesy Copies of Documents**

Courtesy copies of filings should not be sent to chambers unless requested by the Court. If the Court requests courtesy copies from the parties, paper copies should be hand-delivered to chambers in Room 2142 on the 21st floor of the Richard B. Russell Federal Building. Paper copies should be printed from the CM/ECF docket with the blue header and should be single-sided.

**D. Attorneys**

**i. Admission of Counsel *Pro Hac Vice***

If lead counsel has been admitted *pro hac vice*, local counsel is required to be familiar with the case and may be called upon to attend hearings or participate in conferences on behalf of lead counsel.

All counsel—including counsel admitted *pro hac vice*—shall register and participate in the Court's CM/ECF filing system. *Pro se* parties are not part of the Court's electronic filing system and should be served directly.

**ii. Leaves of Absence**

Requests or notices of leaves of absence shall comply with Local Rule 83.1 and shall be electronically filed. **Mailed or hand-delivered copies to chambers will not be considered**. Counsel are encouraged to review their calendars and submit as early as possible any requests or notices of leaves of absence.

**iii. Withdrawal or Substitution of Counsel**

It is counsel's responsibility to keep the Court informed of any change in his or her status representing a party. Withdrawal is not automatic and requires Court approval. Counsel shall comply with Local Rule 83.1 when substituting or withdrawing as counsel. Counsel who fail to comply with Local Rule 83.1 will not be

permitted to withdraw from the case until compliance is achieved. Additionally, depending on the status of the case and the reasons for withdrawal, counsel may not be permitted to withdraw.

**iv. Corporate Representation**

Corporate entities must be represented in court by an attorney. A corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia. Local Rule 83.1 states:

> [A corporation or organization] may only be represented by an attorney, who must sign all pleadings and papers submitted to the Court; a corporate officer may not represent the client unless that officer is admitted to the bar of this Court as a regular member or has been admitted *pro hac vice* in the case; and failure to comply with this rule could result in a default judgment against the client[.]

Failure to comply with this rule will result in dismissal of a corporation's complaint or a default judgment against the corporation.

**v. Proposed Orders**

For all consent, unopposed, or joint motions, the filing party shall include as an exhibit to the motion a proposed order granting the motion.

**E. *Pro Se* Parties**

Parties proceeding *pro se* (without an attorney) are **ADVISED** that they must comply with the Federal Rules of Civil Procedure (FED. R. CIV. P.) as well as the Local Rules of this Court. *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the Richard B. Russell Federal Building. Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* parties may also utilize the Eleventh Circuit's law library located in the Elbert P. Tuttle U.S. Court of Appeals Building at 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

Counsel and *pro se* parties are prohibited from engaging in *ex parte* communications with the Court or the Court's staff. "*Ex parte* communications" are any form of contact with the Court outside the presence of the opposing party or

opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel. If counsel or a *pro se* party seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel. *See* FED. R. CIV. P. 5; Local Rules 5.1 and 5.2; *see also* Local Rule 7.4. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion. Counsel [and *pro se* parties] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve documents in the following instances: (1) in the event a plaintiff is granted leave to proceed *in forma pauperis* (without prepayment of fees), the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service, if necessary) a service package containing the case initiating document(s) or (2) in exceptional circumstances under the Court's discretion. The National Association of Professional Process Servers provides a search engine for locating process servers across the nation at its website (www.napps.org).

A *pro se* party is **REQUIRED** to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint. Under FED. R. CIV. P. 5, a *pro se* party who is not participating in the Court's CM/ECF filing system is further **REQUIRED** to **SERVE** upon the opposing parties or counsel for the opposing parties, by mail or by hand delivery, a copy of every additional pleading or other paper, unless the parties agree to an alternative method of service.

Each pleading or paper described in FED. R. CIV. P. 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the opposing parties or counsel

for the opposing parties. The Court will disregard any papers submitted that have not been properly filed with the Clerk, or that do not include a certificate of service. *Pro se* parties are also **ADVISED** that, under Local Rule 7, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is treated as unopposed. Under Local Rule 56.1, failing to file a response to a motion for summary judgment or contest the movant's statement of material facts will be taken as an admission of those facts.

A *pro se* party is further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. Local Rule 83.1D(3) provides that counsel and *pro se* parties have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "[i]f a failure to provide notice of any such change causes delay or adversely affects the management of a case, the Court may impose an appropriate sanction." A *pro se* party is encouraged to provide the opposing party or counsel for the opposing party with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail. If a *pro se* party provides an email address, the opposing party or counsel for the opposing party shall serve copies of all pleadings via email and regular mail. *Pro se* parties are **ADVISED**, however, that the Court serves documents via paper only and not via email.

## 3. Pretrial Case Management

### A. Disclosure of Use of Artificial Intelligence

Counsel and *pro se* parties must disclose the use of artificial intelligence ("AI") to prepare documents filed and submitted to the Court. If AI was used in any way to prepare a filing or submission to the Court or chambers, counsel and *pro se* parties are **REQUIRED** to sign and file a Disclosure of Use of Artificial Intelligence stating, as follows:

"This document was generated with the assistance of [**identify AI tool name**]. I hereby certify under penalty of perjury that, despite reliance on an AI tool, I have independently reviewed this document to confirm accuracy, legitimacy, and use of

good and applicable law, pursuant to Rule 11 of the Federal Rules of Civil Procedure."

Counsel and *pro se* parties are cautioned that mistake, lack of technical expertise, and time constraints are typically not recognized by the Court as a good faith excuse for submission of documents that either violate Rule 11 or this disclosure rule. In particular, arguments in briefs to the Court that are supported by AI-generated caselaw (i.e., cases that do not actually exist) are not acceptable. Failure to comply with this disclosure rule may result in appropriate sanctions, up to and including dismissal and/or default judgment.

### B. Temporary Restraining Orders or Preliminary Injunctive Relief

The Court will not entertain granting a temporary restraining order or preliminary injunctive relief absent a properly supported motion with attached evidence pursuant to FED. R. CIV. P. 65. *See* Local Rule 7.1A(1). If a party requests such relief only in their complaint or other pleadings but fails to file a separate motion seeking the same, that request will not be considered until the merits of the case are addressed.

### C. Extensions of Time

The Court, along with each party, is responsible for processing cases toward prompt and just resolutions. To that end, the Court seeks to set reasonable but firm deadlines. Motions for extensions of time, whether designated as consent, unopposed, or joint, will not be granted as a matter of course. A party seeking an extension of time must file a motion **before** the expiration of the deadline and should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension. The party should also set forth a timetable for the completion of the tasks for which the extension is sought. The parties may not stipulate to an extension of time—they must file a motion. If the motion is opposed, the filing party must indicate the opposition in their motion.

For motions seeking an extension of the discovery period, in addition to explaining with specificity the unanticipated or unforeseen circumstances necessitating the extension, the motion should include: (1) the original (and, if

applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; (4) whether the opposing party consents and, if not, the reasons given by the opposing party for refusing to consent; (5) what discovery has been taken as of the date of the motion; (6) the reason additional time is needed; and (7) a timetable for completing the remaining needed discovery. A consent, unopposed, or joint motion to extend the discovery period should be clearly designated as such. A motion to extend the discovery period must be filed prior to the expiration of the existing discovery period. The Court will not enforce the private agreements between the parties and/or their counsel to conduct discovery beyond the conclusion of the discovery period. The Court also will not allow evidence at trial that was requested and not revealed during the discovery period.

**D. Page Limits for Objections to R&Rs and Responses to Objections**

Objections to a Magistrate Judge's Report and Recommendation ("R&R") and responses to objections shall be limited to fifteen (15) pages, absent prior approval from the Court.

**E. Page Limit Extensions**

Parties seeking an extension of the page limit must do so at least five (5) days prior to their filing deadline and should explain with specificity the reasons necessitating the extension. The parties may not stipulate to additional pages—they must file a motion. If a party files a motion to extend the page limit at the same time the party's brief is due, the extension request will be denied. Filings that exceed the page limit may be denied or rejected with instructions to resubmit a compliant filing.

**F. Legal Citations**

Legal citations should be in Bluebook format (i.e., citations should appear in the text of a brief immediately following the propositions they support, and not in footnotes or endnotes). The Court may reject a party's filing and order the party to resubmit the filing if it does not contain proper Bluebook formatting.

### G. Conferences with the Court

Scheduling, discovery, pretrial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference with the Court when the parties believe that a conference will be helpful, and the parties should have specific goals and an agenda for the conference. Conferences may be requested by contacting the Courtroom Deputy via email.

### H. Joint Preliminary Report and Discovery Plan

If a party files a pre-answer Rule 12 motion (including motions to dismiss a counterclaim) or a motion to compel arbitration, the parties' discovery obligations and obligations under Local Rule 16 are stayed until an order on the motion is entered by the Court.

Local Rule 16.1 provides that, prior to filing the Joint Preliminary Report and Discovery Plan, the parties are required to confer in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed in the Joint Preliminary Report and Discovery Plan. *See* Local Rule 16.1. The Court encourages the parties to conduct this conference in-person.

In certain cases, the Court may schedule a Rule 16 conference with the parties. Whether a conference will be scheduled generally will be determined after the Court reviews the Joint Preliminary Report and Discovery Plan filed by the parties. The Court will typically schedule a conference if any party requests it.

### I. Discovery

Initial disclosures should be as complete as possible based upon information reasonably available. Responses may not be reserved for later supplementation. In addition to the requirements of FED. R. CIV. P. 26(a)(1)(A), if a party is aware of video or audio footage capturing the subject of the parties' dispute (typically, body camera footage, surveillance or closed-circuit footage, or cell phone video), the video or audio footage must be produced with a party's initial disclosures or within fourteen (14) days of the party's discovery of such video or audio footage.

**i. Discovery Responses: Boilerplate and General Objections**

FED. R. CIV. P. 33(b)(4) and 34(b)(2)(B) prohibit boilerplate and general objections in response to discovery requests. Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product doctrine, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

A party shall not include in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work-product doctrine, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete, i.e., whether additional information or documents would have been provided but for the objection(s). FED. R. CIV. P. 34(b)(2)(C). For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

**ii. Interrogatories**

Interrogatories should be limited to requesting objective facts, such as the identification of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive

interrogatories are objectionable.

When in doubt about the meaning of an interrogatory, the responding party is to give the interrogatory a reasonable interpretation (which may be specified in the response) and answer it so as to provide, rather than deny, information.

Generally, the responding party is required to produce information only in the form in which it is maintained or is available. If an answer is made by reference to a document, the responding party shall attach it or identify it and make it available for inspection. Generalized cross-references, such as to a deposition transcript, are not acceptable answers.

**iii. Requests for Production or Inspection**

**Absent prior approval from the Court, the parties are limited to twenty-five (25) requests for production**. To the extent possible, requests should specify with particularity the title and description of documents or records requested. Information needed for specification can often be obtained by informal discovery, depositions, or interrogatories, if necessary. The certification requirement of FED. R. CIV. P. 26(g) applies.

All responsive documents should be Bates-numbered or labeled with a unique identifier on each page. Documents should be produced either (1) with labels corresponding to the categories in the specific requests to which they respond, or (2) in a format where it is clear which document is responsive to each particular request. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules.

**iv. Requests for Admission**

Requests for admission are an economical and efficient means of narrowing issues and making a record of informal exchanges of information, stipulations, and matters subject to judicial notice. **Absent prior approval from the Court, the parties are limited to twenty-five (25) requests for admissions**. Each request should be brief, clear, simple, addressed to a single point and stated in neutral, nonargumentative

words. Requests ordinarily should deal with only objective facts. They may be combined with interrogatories to ask for the factual basis of a claim or a denial. Counsel's or a *pro se* party's signature certifies compliance with FED. R. CIV. P. 26(g).

**v. Depositions**

Barring extraordinary circumstances, counsel and *pro se* parties should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, before a deposition is noticed. When counsel or a *pro se* party enters into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition. Questions should be brief, clear, and simple. A deposition should not be used to harass or intimidate a witness. Under FED. R. CIV. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to shall be taken subject to the objection.

In the absence of a good faith claim of privilege, instructions not to answer a question during a deposition are rarely justified and may lead to sanctions under FED. R. CIV. P. 37. Speaking objections and other tactics for coaching a witness during the deposition are prohibited. If counsel or a *pro se* party believes that a motion to terminate or limit the examination under FED. R. CIV. P. 30(d) would be warranted or that counsel or a *pro se* party is obstructing the deposition to the extent that sanctions or another deposition will be requested, the parties should promptly contact the Courtroom Deputy to schedule a conference call with the Court to attempt to resolve the problem. The Court will endeavor to address the problem as quickly as possible once the issue is raised. The Court prefers handling such situations with a conference call rather than a later motion. FED. R. CIV. P. 26(b)(4) should be consulted regarding expert disclosures. Experts who are prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

The parties are expected to observe the limitations on depositions specified in FED. R. CIV. P. 26(b) and 30 and, in particular, to avoid unnecessary depositions.

**vi. Discovery Disputes**

The parties shall not file discovery motions (including motions to compel, motions for protective orders, and motions for sanctions) absent prior approval from the Court. These disputes are often resolved in a conference with the Court. In the event a discovery dispute arises, the parties must first meet and confer **in-person** to attempt to resolve the dispute. Counsel and *pro se* parties are required to confer in good faith before bringing a discovery dispute to the Court. *See* FED. R. CIV. P. 26(c) and 37(a)(1); Local Rule 37.1A. **The duty to confer is NOT satisfied by sending a written communication or conducting a telephone conference UNLESS repeated attempts to confer in-person are unsuccessful due to the conduct of the opposing party.**

If the dispute cannot be resolved, the parties must file a joint "Notice of Discovery Dispute" via the Court's CM/ECF filing system. The parties must also notify the Courtroom Deputy via email that the notice of discovery dispute was filed. The parties should not include any substantive arguments regarding the discovery dispute in their email communication to the Courtroom Deputy. No motions to compel or to impose discovery sanctions shall be filed absent express leave from the Court. In the consolidated submission, the parties should outline their respective positions on each of the discovery items in dispute. If there are four (4) or less issues, the consolidated submission should not exceed five (5) pages. If there are five (5) to ten (10) issues, the submission should not exceed ten (10) pages. If there are more than ten (10) issues, the submission should not exceed twelve (12) pages. The submission should be formatted in a logical order, i.e., identify each issue in dispute followed by a discussion from each of the parties setting forth an explanation of their respective positions on the issue. For example:

I. Identify Discovery Issue #1

A. Party A's Position

B. Party B's Response

The parties are required to attach as an exhibit to the consolidated submission an excerpt of the relevant discovery requests, including only the language of the

specific requests and, potentially, the responses that are the subject of the dispute. The parties should not attach an entire copy of their interrogatories, requests for production of documents, or requests for admission. No other exhibits, including email correspondence between the parties, are allowed absent prior approval from the Court. The Court will determine whether the dispute can be resolved on the papers or whether a conference is necessary and will notify the parties accordingly. All discovery conferences will be recorded by a Court Reporter. If the dispute cannot be resolved during the conference with the Court, the Court will direct further proceedings.

**vii. Confidentiality Agreements, Protective Orders, and Motions to Seal**

The Court avoids the excess use of protective orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used—and abused—more often than truly necessary. The Court is aware that the parties will, at times, agree to designate documents as "confidential." The Court, however, will not approve consent protective orders that conflict with the Court's view on the sealing of materials. As a guide to the parties, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. Parties should also be aware that the Court is not hesitant to sanction counsel and/or parties for abusing a protective order by too readily designating documents, tangible things, and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

If the parties find that a confidentiality agreement or protective order is necessary, the parties must follow the practice for filing and sealing documents as described in the Court's Procedure for Electronic Filing Under Seal in Civil Cases,

and must include this provision in any proposed agreement or protective order submitted for the Court's consideration:

> Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of, or in opposition to, a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

For documents filed other than during a hearing or trial, as a general matter, the Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file the documents under seal shall first consult with the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information. The parties should refrain from sealing an entire document when only certain information is confidential. Additionally, the Court normally will not seal documents used in open court at a hearing or trial absent extraordinary circumstances.

**J. <u>Motions Practice</u>**

**i. Electronic Filing of Exhibits and Attachments**

Parties are directed to label all electronically-uploaded exhibits and attachments **according to their content** to assist the Court in navigating the docket to locate record evidence. For example, documents should be uploaded and identified on the docket as "Ex. 1 – Smith Deposition" rather than "Ex. 1." If a party is filing more than twenty-five (25) exhibits, the party should file a summary chart listing those exhibits according to their content descriptor and the CM/ECF docket number

containing the exhibit. This chart may be filed after the brief and exhibits are filed.

**ii. Brief Nomenclature**

Briefs should be titled on CM/ECF as follows: The initial brief of a movant should be titled "Brief in Support of [state the motion]." The brief of the responding party should be titled "Response in Opposition to [state the motion]." The reply of the moving party should be titled "Reply in Support of [state the motion]." Though surreplies are not permitted absent leave from the Court, if the Court authorizes a surreply, it should be titled "Surreply to [state the motion]."

**iii. Amended Complaints and Pending Motions**

If, in response to a motion to dismiss, a plaintiff files an amended complaint pursuant to FED. R. CIV. P. 15(a)(1), the Court will deny as moot any pending Rule 12 motion or request for preliminary injunctive relief.

**iv. Motions for Summary Judgment**

When filing summary judgment briefs, all citations to the record evidence shall be contained in each party's brief, not just in the party's statement of undisputed (or disputed) material facts. If possible, **citations to the record evidence in a brief should include the CM/ECF docket number**. Deposition transcripts should not be attached to summary judgment briefs. Instead, **before** filing a brief in support of, or in opposition to, a motion for summary judgment, the party must file on the docket the complete transcript of each deposition referenced in the brief. Filing the deposition transcripts before the briefs will allow the parties to cite to the docket number in the briefs. The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found. Parties are encouraged to quote testimony from depositions and are cautioned not to mischaracterize deposition testimony.

**v. Statements of Material Facts and Responses**

Absent prior approval from the Court, **statements of material facts are limited to fifty (50) facts**. Subparts are not permitted.

In addition to following the form instructions set out in Local Rule 56.1(B), a

party responding to a statement of material facts shall copy into its response the numbered statement to which it is responding and provide its response to that statement immediately following. A party that chooses to reply to a response shall copy into its reply its original numbered statement of material fact and the opposing party's response, then provide its reply to that statement immediately following. Each party shall file its documents in a text-searchable PDF format.

**vi. Requests for Oral Argument on Motions**

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing. If oral argument is requested, the party or parties should specify the particular reasons oral argument may be helpful to the Court and what issues will be the focus of the proposed oral argument. Moreover, the Court shall grant a request for oral argument on a contested substantive motion if the request states that a lawyer who is less than five (5) years out of law school will conduct the oral argument, it being the Court's belief that new lawyers need more opportunities for Court appearances than they usually receive.

## 4. TRIALS

### A. Pretrial Conference

The Court will conduct a pretrial conference prior to trial. The purpose of the pretrial conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order. *See* Local Rule 16.4. Parties should bring to the pretrial conference a copy of the proposed pretrial order and attachments thereto, as well as any outstanding motions.

Unless otherwise directed, all motions *in limine* shall be filed at least fourteen (14) days before the pretrial conference. Briefs in opposition to motions *in limine* shall be filed at least seven (7) days before the pretrial conference.

Counsel for the plaintiff shall initiate, and all parties shall participate in, a meeting no later than ten (10) days before the pretrial conference to: (a) discuss settlement; and (b) stipulate to as many facts and issues as possible.

In accordance with Local Rule 26.2C, *Daubert* motions shall be filed no later

than the date the proposed pretrial order is submitted. Briefs in opposition to *Daubert* motions shall be filed within fourteen (14) days following the filing of the *Daubert* motions, and reply briefs shall be filed seven (7) days thereafter. The Court will often schedule a *Daubert* hearing to occur at the pretrial conference. Accordingly, the parties should be prepared to present oral argument regarding any *Daubert* motions, and expert witnesses that are the subject of a *Daubert* motion should be prepared to appear and testify at the pretrial conference.

**B. <u>Proposed Findings of Fact and Conclusions of Law</u>**

When counsel is required to submit proposed findings of fact and conclusions of law, *see* Local Rule 16.4B(25), in addition to electronically filing the document, counsel should provide a Word version of the filing to the Courtroom Deputy via email.

**C. <u>Jury Trial</u>**

The Court usually is in session from 8:30 a.m. until 5:00 p.m. There will be breaks in the morning and afternoon as well as a lunch break. When the jury is in the courtroom, it is the Court's and the parties' responsibility to use the jury's time efficiently. If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day. It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

**D. <u>*Voir Dire*</u>**

Proposed *voir dire* questions shall be filed with the pretrial order as provided in Local Rule 16.4(B). During *voir dire*, the jurors will verbally respond to a printed juror questionnaire (containing general questions regarding their residence, occupation, education, recreational activities, prior jury service, and children, if applicable). The Court will then permit the attorneys to ask *voir dire* questions—as previously approved by the Court. All challenges for cause will be heard at the close of the questioning of all jurors. There will be a fifteen (15) minute break at the conclusion of juror questioning to give all parties time to review their notes prior to striking members of the jury. The number of jurors empaneled will be determined

after receiving input from the parties regarding the length of trial and any other relevant considerations.

## E. Courtroom Communications

### i. Presentation

To assist the Court Reporter, all communications to the Court should be made standing before a microphone from a position at counsel table or from the lectern. Only one (1) attorney per party may object to the testimony of a witness being questioned by an opposing party. The objection must be made by the attorney who has conducted or is to conduct the examination of the witness. Examination of a witness should be limited to questions addressed to the witness.

Counsel and parties should refrain from making disparaging remarks or displaying ill will toward other counsel and parties and from causing or encouraging any ill feeling among counsel and parties. Counsel and parties are to refrain from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony, argument, or rulings by the Court. Counsel, parties, and witnesses are to refrain from making extraneous statements, comments, or remarks during examinations.

### ii. Sidebar

Offers or requests for stipulations should be made privately, not within the hearing of the jury. Counsel and parties should refrain from putting any matter before the jury in the form of a question that counsel and parties know or expect will be subject to an objection that is likely to be sustained. Such matters should be taken up with the Court outside the presence of the jury. Counsel and parties should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess or at a sidebar conference. A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury. The Court expects five (5) to six (6) hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

**iii. Objections**

When making an objection, counsel and parties shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Court. Counsel and parties are prohibited from addressing comments or questions to each other. All arguments, objections, and motions should be addressed to the Court.

**F. Exhibits**

**Exhibits and witness lists must be provided to all parties at least thirty (30) days before the start of trial.** *See* FED. R. CIV. P. 26(a)(3). The parties should use AO Form 187 for their exhibit and witness lists, which can be found at https://www.uscourts.gov/sites/default/files/ao187.pdf. Exhibits must be examined and marked before trial in compliance with Local Rule 16.4. The parties should confer with the Courtroom Deputy prior to the start of trial to determine how the Court will receive a copy of the exhibits for use by Judge Johnson on the bench during proceedings. Ordinarily, the Court requests notebooks of exhibits to be provided on the first day of trial.

All papers intended for Judge Johnson should be handed to the Courtroom Deputy, who will pass them to the Judge Johnson. Counsel and parties are not required to obtain permission from the Court to approach a witness in order to show the witness an exhibit or other document.

**G. Jury Charges**

The parties must file a unified set of proposed jury instructions three (3) days after the pretrial conference with the Court. The parties should also send a Word version of the unified proposed jury instructions to the Courtroom Deputy via email. Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction, the legal basis for the instruction, and the legal basis for the opposing party's opposition to the instruction. The parties must request leave from the Court to file supplemental jury charges. Ordinarily, the Court will charge the jury before closing arguments. The jury will be provided with a written copy of the jury charges.

**H. Courtroom Technology**

A court order is required to bring boxes of exhibits, projectors, laptops—virtually anything necessary for use at trial—into the courthouse. The parties should file a motion detailing the equipment they wish to bring into the courtroom and the individuals requesting permission to bring the equipment. This should be done not less than three (3) business days prior to the proceeding to allow for proper notification to the U.S. Marshals Service. Generally, while attorneys and support staff may request such permission, parties will not be granted access to personal electronics in the courthouse.

The courtroom has various electronic equipment for use by the parties at trial. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy. It is the parties' responsibility to make sure they know how to use the equipment available, to have the necessary accessories to connect their equipment, and to ensure that their equipment will interface with the Court's technology. **Trial will not be delayed for technical difficulties or equipment failure.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ______________________________<br>, ______________________________<br><br>Plaintiff[s],<br><br>v.<br><br>______________________________<br>, ______________________________<br><br>Defendant[s]. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>1:______-cv-______-TRJ |

**CERTIFICATE OF COMPLIANCE**

I hereby certify that I have read the Guidelines to Parties and Counsel in Civil Cases Proceeding Before the Honorable Tiffany R. Johnson, and I will comply with its provisions during the pendency of this litigation.

______________________________
[Signature of lead counsel
or *pro se* party]